Dear Ms. Litchford:
As Interim City Attorney for the City of Orlando, you have requested my opinion on substantially the following question:
Whether section 288.075, Florida Statutes, which requires an economic development agency to keep information concerning plans, intentions, or interests of a private corporation, partnership, or person to locate, relocate, or expand business activities in this state confidential upon written request from such private corporation, partnership, or person, precludes the agency from disclosing the existence of such written request and other documents deemed confidential under the statute.
According to your letter, the City of Orlando and its Economic Development Department actively recruit businesses to locate in, relocate to, or expand in Orlando. Private business organizations also routinely approach the City about the possibility of locating, relocating, or expanding their business activities in Orlando. Frequently, these business entities submit to the City written requests, pursuant to section 288.075, Florida Statutes, to keep information about their plans, intentions, and interests confidential and exempt from public records disclosure.
Article I, section 24, Florida Constitution, represents this state's constitutional pronouncement regarding access to public records and meetings in Florida. Chapter 119, Florida Statutes, is the legislative expression of this right. On access to public records, Article I, section 24(a), of the Florida Constitution provides:
"Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution."
However, the Constitution also authorizes the Florida Legislature to enact exemptions to these broad open records provisions, "provided that such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law."[1]
In section 288.075(2), Florida Statutes, the Legislature has created an exemption to Florida's Public Records Law for certain information held by economic development agencies. That provision states:
"Upon written request from a private corporation, partnership, or person, information held by an economic development agency concerning plans, intentions, or interests of such private corporation, partnership, or person to locate, relocate, or expand any of its business activities in this state is confidential and exempt from s.119.07(1) and s. 24(a), Art. I of the State Constitution for 12 months after the date an economic development agency receives a request for confidentiality or until the information is otherwise disclosed, whichever occurs first."
Section 288.075(3) authorizes an economic development agency to extend the confidentiality period for up to 12 additional months upon receipt of a written request and a finding by the agency that the private entity is still actively considering locating, relocating, or expanding its business activities in Florida.[2] Such a request must be received prior to the expiration of any confidentiality originally provided under the statute.[3]
The constitutionally-required statement of public necessity for adoption of this exemption by the Legislature is set forth in section 2, Chapter 2001-161, Laws of Florida:
"The Legislature finds that it is a public necessity that the confidentiality provided by section 288.075, Florida Statutes, for information on a business's plans to locate, relocate, or expand its activities in this state be broadened to include records of a county or a municipal economic development agency which contain such information. Many counties and municipalities in this state operate public economic development offices that assist businesses that are considering locating, relocating, or expanding in this state. Confidentiality during the site selection process is extremely important to businesses because, among other reasons, disclosure of information concerning the business's plans could provide competitors in the marketplace with insights into the business's strategies and finances, could cause employees of the business to leave the organization in the face of uncertainty over the business's future, or could cause the business to experience inflated real estate prices as a result of speculation by those hoping to sell property to the business. If county or municipal economic development agencies were unable to provide confidentiality for such information, businesses would be reluctant to consider such communities as potential sites for their job-creating and investment projects, thus depriving those communities of the potential economic benefits associated with such projects. The Legislature also finds that it is a public necessity that . . . the disclosure of information while the business is still considering its site selection options could jeopardize a viable economic development project, as well as injure the business in the marketplace. . . . The harm that would result from the release of sensitive business information or from the impairment of the effective administration of the state and local economic development efforts far outweighs the public benefit derived from release of such information. Furthermore, disclosure of financing records during negotiations between private and public entities would discourage economic development in general, and have a negative impact on increasing the number of high-technology, high-paying jobs in the state."
The statute imposes a criminal penalty on any employee of an economic development agency who violates the provisions of the statute by making such a violation a second-degree misdemeanor.[4]
This office is not authorized to determine definitively whether a specific document comes within the scope of a statutory public records exemption, and in this instance, the language of section 288.075(2), Florida Statutes, does not expressly include a written request for confidentiality within the public records exemption. Neither is there any case law or legislative history to provide direct guidance. When doubt exists as to whether a particular document is exempt from disclosure under Florida's Public Records Law, the exemption is to be narrowly construed and any doubt resolved in favor of public access.[5] Even under a narrow construction, a written request for confidentiality under section 288.075(2), Florida Statutes, indeed could constitute or contain "information . . . concerning [the requestor's] plans, intentions, or interests . . . to locate, relocate or expand" its business activities. However, this office cannot say all such requests are per se confidential and exempt under the statute. Rather, it is the City's duty to carefully and in good faith determine whether a particular record falls within the scope of this public records exemption.
You ask whether section 288.075(2), Florida Statutes, requires the City to refrain from acknowledging the existence of records deemed to be confidential and exempt under that provision. As this office noted in Attorney General Opinion 2004-19, the confidentiality provided under section 288.075(2) only comes into play after a written request for confidentiality is received. In other words, confidentiality does not automatically attach to records held or produced by an economic development agency. Furthermore, the confidentiality requirement and public records exemption is limited to "records . . . which contain or would provide information concerning plans, intentions, or interests of [a] private corporation, partnership, or person to locate, relocate, or expand any of its business activities in the state." The City's duty in responding to public records requests is set forth in sections119.07(1)(b) and (c), Florida Statutes, which read:
"(b) A person who has custody of a public record who asserts that an exemption applies to a part of such record shall redact that portion of the record to which an exemption has been asserted validly applies, and such person shall produce the remainder of such record for inspection and copying.
(c) If the person who has custody of a public record contends that all or part of the record is exempt from inspection and copying, he or she shall state the basis of the exemption that he or she contends is applicable to the record, including the statutory citation to an exemption created or afforded by statute."
I understand your concern that the very act of citing section288.075(2) as the basis for denying access to requested records could be seen as a violation of the confidentiality requirement. However, inasmuch as confidentiality under that provision is only required if specifically requested in writing, and because Chapter 119 mandates citation to the statutory provision exempting a public record from disclosure, I conclude that compliance with Chapter 119 does not violate the confidentiality required by section 288.075(2).
In sum, it is my opinion that a written request for confidentiality under section 288.075(2), Florida Statutes, may constitute or contain information required to be held confidential under that statute. However, the custodian of these records must determine on a case-by-case basis whether a particular record or portion of a record falls within the scope of the exemption. Further, it is my opinion that section288.075(2), Florida Statutes, may be cited by the records custodian as statutory authority for withholding information from public inspection and copying under the Public Records Law without violating the required confidentiality provisions of the statute.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Article I, s. 24(c), Fla. Const. 
[2] Section 288.075(3), Fla. Stat.
[3] Id.
[4] Section 288.075(7), Fla. Stat.
[5] See, e.g., Ops. Att'y Gen. Fla. 79-75 (1979), emphasizing the resolution of doubt in favor of disclosure, and 80-78 (1980).